**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Williams, Jr. #285056, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-001297

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Court Judge

Unpublished Opinion No. 2017-UP-397
Submitted September 1, 2017 – Filed October 18, 2017

**AFFIRMED**

Tommy Arthur Thomas, of Irmo, for Appellant.

Kensey Collins, of the South Carolina Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Anthony Williams, Jr., an inmate with the South Carolina Department of Corrections (SCDC), appeals an order of the Administrative Law Court (the ALC) affirming Williams's disciplinary conviction of Striking an Employee. On appeal, Williams argues the ALC erred in affirming his conviction because (1) there was a lack of evidence or failure to follow policy and procedure and (2) SCDC improperly enhanced his charge from threatening to inflict harm on

a staff member to striking an employee. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issue 1: S.C. Code Ann. § 1-23-610(B)(c), (e) (Supp. 2016) (providing the court of appeals may reverse or modify the decision of the ALC if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is "made upon unlawful procedure" or "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); S.C. Code Ann. § 1-23-610(B) (Supp. 2016) ("The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Friends of Earth v. Pub. Serv. Comm'n of S.C.*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010) ("Substantial evidence is not a mere scintilla; rather, it is evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC]."); *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions."); *id.* at 371, 527 S.E.2d at 751 ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial."); *id.* at 370, 527 S.E.2d at 750 ("[C]ourts must balance the demands of the Due Process Clause against the need to maintain an orderly and safe prison environment."); *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974) ("Rules of procedure may be shaped by consideration of the risks of error, and should also be shaped by the consequences which will follow their adoption." (citations omitted)); *id.* at 568 ("[A]dequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.").

2.  As to Issue 2: *Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires . . . advance written notice of the charge be given to the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

inmate at least twenty-four hours before the hearing."); S.C. Code Ann. § 1-23-610(B) (Supp. 2016) ("The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**